# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2022

Lyle W. Cayce
Clerk

No. 21-50624
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS MORALES-AGUSTIN,

*Defendant—Appellant*,

CONSOLIDATED WITH

No. 21-50625

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JESUS FRANCISCO AUGUSTINE-MORALES,

*Defendant—Appellant*.

No. 21-50624

---

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-1135
USDC No. 2:20-CR-1186

---

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges.*

PER CURIAM:[*]

In this consolidated appeal, Jesus Francisco Augustin-Morales[1] challenges the sentence imposed following his guilty plea conviction for illegal reentry into the United States after removal, *see* 8 U.S.C. § 1326(a), (b)(2), and a separate judgment revoking the supervised release term imposed in an earlier case, *see* 18 U.S.C. § 3583(e). Because he does not address, in his motion for summary affirmance or letter brief, the validity of the revocation or the revocation sentence, Augustin-Morales has abandoned any challenge to the revocation judgment. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

As noted, Augustin-Morales moves for summary affirmance, to which the Government is unopposed. Augustin-Morales argues for the first time on appeal that the enhancement of his illegal reentry sentence pursuant to § 1326(b)(2) was unconstitutional because the fact of his prior conviction was not charged in his indictment or proved to a jury beyond a reasonable doubt. However, he concedes that this argument is foreclosed by *Almendarez-Torres*

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

[1] The district court in the matters underlying Nos. 21-50624 and 21-50625 uses several close variations of "Jesus Francisco Augustin-Morales" but this version is listed as Augustin-Morales's true name in the underlying matter in No. 21-50624 and appears on certain district court documents in both cases. We therefore use this version.

*v. United States*, 523 U.S. 224 (1998), and raises the issue to preserve it for further review.

We conclude that Augustin-Morales's concession of foreclosure is correct and summary affirmance is appropriate. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED.